McFarland, J.,
delivered the opinion of the Court.
The complainants brought this bill to rescind a contract, by which they purchased from the defendant a small tract of land, and to enjoin the collection of the purchase money agreed to be paid, upon the ground that the defendant is unable to make the title he was bound to make under his contract.
The bond of the defendant binds him “ to make to the complainants a good and sufficient title to the lands, with the usual covenants,” upon the condition the purchase money is paid.
The bill avers that the defendant has no title and can make none; that they have never been in possession, but the land is and has been adversely held, by.a party claiming a superior title. Upon the question of title, the answer is general, simply averring his ability to make the title, but without exhibiting any statement or history thereof, or exhibiting any evidence by way of title papers — proof, however, was taken upon the question.
It 'is insisted for the defendant, that the complainants are entitled to no relief, because they have not been evicted, and no fraud is proven. It is not shown clearly that the complainants have ever been in possession of the land; but if it were shown, it would perhaps not alter the rule.
It is well settled, that a purchaser in possession under a deed with covenants of warranty, in the absence of fraud or insolvency, and before an eviction, can have no relief against supposed defects in the title; *312 he must rely upon the covenants of his deed. But this doctrine has no application to an executory contract, like the present. Upon this subject the law is equally well settled, that the purchaser, where the vendor is not in a condition to make a valid legal title, free from all reasonable doubt or embarrassment— and this without regard to whether there be fraud, or insolvency of the vendor can have relief. Cunningham v. Sharp, 11 Hum., 116; Collins v. Senter, 1 Head, 251; Mullins v. Arkin, 2 Heis., 535.
Without reviewing the evidence, it will be sufficient to say, that the title of the defendant is exceedingly doubtful. It appears that there is an outstanding adverse claim, supported by a regular chain of conveyance — and this, so far at least as this record shows, is superior to the title of the defendant, unless the title of the latter has become superior by virtue of adverse possession of those under whom he claims, under the 1st section of the statute of limitations. This, if clearly shown, would bé sufficient; but, it is not clearly shown — there seems to have been no actual enclosure upon the land until within a recent period, and the question of possession, from the evidence, is not clear either way. So it is apparent that the defendant’s title is not clear, to say the least of it, and a purchaser in a case like this is not bound to accept a doubtful title. Complainants are, therefore, entitled to the relief prayed for.
The decree of the Chancellor will be affirmed, with costs.